UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

COREY HILL,

            Plaintiff,

    -vs-

CACH, LLC,

            Defendant.

**DECISION and ORDER**
**No. 6:17-cv-06102-MAT**

_____

**I.   Introduction**

Represented by counsel, Corey Hill ("Hill" or "Plaintiff") instituted this action against CACH, LLC ("CACH" or "Defendant") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and New York General Business Law ("NYGBL") § 349. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**II.  Factual Background and Procedural History**

Plaintiff is a natural person residing in the County of Monroe, State of New York. Plaintiff alleges that CACH is a limited liability company organized under the laws of the State of Delaware, authorized to do business in New York State, and engaged in the business of collecting debts in New York State and elsewhere. Plaintiff alleges that CACH is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6), and she is an individual

consumer pursuant to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

In March of 2016, CACH instituted a collection action against Plaintiff in Supreme Court of the State of New York, Monroe County, captioned <u>CACH, LLC v. Corey Hill</u>, Index No. 2016/2727 ("the Collection Action"). Defendant's complaint in the Collection Action alleged that it purchased and was assigned a credit card account on which Plaintiff originally had been liable for $5,875.90 to an unnamed original creditor; this creditor's rights were assigned to Defendant. Plaintiff retained an attorney to defend her in the Collection Action, and incurred liability for attorney's fees in the amount of $1,000.00, as well as court costs in the amount of$140.00. Plaintiff filed a motion for summary judgment in the Collection Action, based on Defendant's lack of standing and inability to prove that it was the owner of the alleged credit card account on which the Collection Action was based. Plaintiff argued that because Defendant, as a debt buyer, could not show that it purchased and was assigned a credit card account in the amount of $5,875.90 on which Plaintiff was purportedly liable, Defendant had no basis on which to attempt to collect any such debt from Plaintiff through the Collection Action or otherwise. The Monroe County Supreme Court granted summary judgment in Plaintiff's favor by an order entered in the Monroe County Clerk's Office on January 30, 2017.

Plaintiff then filed her Complaint in this action on February 16, 2017. The Clerk's Office issued a summons the same day. The Summons was returned executed on February 23, 2017. The Affidavit of Service indicated that CACH was served with the Summons and Complaint on February 17, 2017. CACH's Answer accordingly was due no later than March 10, 2017.[1]

To date CACH has not filed an Answer or otherwise appeared in this action. For the reasons discussed herein, the Court directs the Clerk of Court to enter a default against CACH.

**III. Discussion**

The entry of defaults and default judgments is governed by Federal Rule of Civil Procedure 55 ("Rule 55"). "The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request" pursuant to Rule 55(a). Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981) (citing Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.")). The Second Circuit has

---

[1] Defendant's time to answer the Complaint here was set by Fed. R. Civ. P. 12(a)(1)(A)(i) (stating that a defendant must serve an answer . . . within 21 days after being served with the summons and complaint).

endorsed a broad interpretation of Rule 55(a)'s phrase "otherwise defend," holding that an entry of default is proper whenever the defendant fails to engage in litigation, regardless of the stage at which such failure occurs. City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 129-31 (2d Cir. 2011). "Entry of a default is a prerequisite to entry of a default judgment under Rule 55(b)." Systems Indus., Inc. v. Han, 105 F.R.D. 72, 74 (E.D. Pa. 1985) (citing 6 J. Moore, W. Taggart, & J. Wicker, Moore's Federal Practice ¶ 55.02[3] (2d ed. 1983); 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil 2d § 2682, at 406 (1983)), vacated on other grounds, 1986 WL 10551 (E.D. Pa. Sept. 15, 1986).

As the Second Circuit has explained, "[a]lthough Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court," City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011) (citing Pinaud v. Cnty. of Suffolk, 52 F.3d 1139, 1152 n. 11 (2d Cir. 1995)), "a district judge also possesses the inherent power to enter a default," id. (citing Beller & Keller v. Tyler, 120 F.3d 21, 22 n. 1 (2d Cir. 1997)); see also Allstate Prop. & Cas. Ins. Co. v. Haslup, No. 2:10-CV-0191-WCO, 2012 WL 12953465, at *6 (N.D. Ga. Jan. 12, 2012) ("'The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so.'") (quoting Charles Alan Wright, Arthur R. Miller, and Mary Kay

Kane, 10A Federal Practice and Procedure § 2682, at 19 (3d ed. 1998)); Singh v. Jackson, No. 86 CIV. 2668(MJL), 1986 WL 12514, at *1-2 (S.D.N.Y. Oct. 31, 1986) ("This Court's inherent power to manage its caseload, however, provides the authority to sua sponte enter a default judgment against a litigant who has failed to prosecute his case with reasonable diligence and who has not complied with the Court's rules of procedure.") (citing Flaksa v. Little River Marine Construction Co., Inc., 389 F.2d 885, 887 (5th Cir.), cert. den. 392 U.S. 928 (1968)). Whether a district judge "should perform the ministerial function of entering default that is assigned to the clerk by the text of Rule 55(a) is vested within the judge's sound discretion." Liberty Mut. Ins. Co. v. Fleet Force, Inc., No. CV-09-S-773-NW, 2013 WL 3357167, at *2 (N.D. Ala. July 1, 2013) (citing Commodity Futures Trading Comm'n v. Harrison, No. 8:13-CV-00327-GRA, 2013 WL 812054, at * 1 (D.S.C. Mar. 5, 2013) (holding that "it is within a district court's 'sound discretion' in deciding whether to direct that entry of default be made as to a party") (further citations omitted)).

The Court finds that it is a proper exercise of discretion to direct the Clerk of Court to enter a default against CACH. Since being served with process in February of 2017, CACH has taken no action whatever with respect to this lawsuit. CACH has not filed an answer, and thus has failed to "plead" in response to the Complaint within the meaning of Rule 55(a). See Fed. R. Civ. P. 7(a) (listing

the types of pleadings, including an answer, that are allowed). CACH has also failed to "otherwise defend" for purposes of Rule 55(a), because it has not filed an "attack[ ] on the service, or a motion[ ] to dismiss, or for better particulars, [or] the like, which may prevent default without presently pleading to the merits." Bass v. Hoagland, 172 F.2d 205, 210 (5th Cir. 1949).

In sum, because CACH has been properly served but has failed to answer or otherwise defend this case, entry of default is warranted, notwithstanding Plaintiff's failure to move for such relief. See, e.g., Singapore Tong Teik PTE Ltd. v. Coppola, No. 04-CV-3440 FB RLM, 2007 WL 2375796, at *4 (E.D.N.Y. Aug. 17, 2007); Trustees of Local 813 I.B.T. Ins. Trust v. Chinatown Carting Corp., No. 1:06-CV-05967-NGG, 2008 WL 5111108, at *3 (E.D.N.Y. Dec. 4, 2008) (entering default under Rule 55(a) against a defendant who failed to answer or appear even though the plaintiff moved only for summary judgment); Singh v. Jackson, No. 86 CIV. 2668(MJL), 1986 WL 12514, at *2 (S.D.N.Y. Oct. 31, 1986); Systems Indus., Inc. v. Han, 105 F.R.D. at 74 & n.1 (entering default under Rule 55(a) even though the "plaintiff has not filed any application with the Clerk for entry of a default" but had instead filed only a motion seeking default judgment under Rule 55(b)).

The Court further finds that entry of a default judgment is appropriate. Once a defendant is in default, the factual allegations of the complaint, except those relating to the amount

of damages, will be taken as true. Singh, 1986 WL 12514, at *2 (citing C. Wright & A. Miller, Federal Practice & Procedure: Civil 2d § 2688 at 444 (2d Ed. 1983)). The Court finds that the allegations in Plaintiff's complaint, if taken as true, state claims for violations of the FDCPA and GBL § 349. The Court therefore will order that judgment be entered in Plaintiff's favor on all liability issues under all counts of the Complaint.

Where the defendant "does not contest the amount prayed for in the complaint and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing." C. Wright & A. Miller, 10A Fed. Prac. & Proc. Civ. § 2688 (4th ed. 2017). Here, while CACH has not contested anything in the Complaint, the Complaint itself does not request a sum certain or a sum that can be made certain by computation.[2] Further proceedings to ascertain damages accordingly are necessary. Plaintiff accordingly is directed to file proof of damages, e.g., detailed and properly sworn affidavits with supporting documentation, setting forth the items of damages and corresponding amounts requested so that the

---

[2] The ad damnum clause in Plaintiff's Complaint requests judgment against CACH for the following: "[a]ctual and statutory damages in amounts to be determined by the Jury and/or Court in Plaintiff's FDCPA claims pursuant to 15 U.S.C. § 1692k"; "[a]ctual, statutory, treble and punitive damages in amounts to be determined by the Jury and/or Court in Plaintiff's State deceptive practices claim pursuant to New York State General Business Law § 349"; "[c]osts and reasonable attorney fees on the FDCPA claims pursuant to 15 U.S.C. § 1692k"; "[c]osts and reasonable attorney fees on the State deceptive practices claim pursuant to New York State General Business Law § 349"; and "[s]uch other and further relief as may be just and proper." (Complaint ("Compl.") (Dkt #1) at 7).

Court may ascertain "with reasonable certainty," <u>Credit Lyonnais Sec. (USA), Inc. v. Alcantara</u>, 183 F.3d 151, 155 (2d Cir. 1999), the damages to be awarded.

**IV. Conclusion**

For the foregoing reasons, the Clerk of Court is directed to enter default on the record of this case against CACH, Inc. Plaintiff is directed to submit to the Court proof of damages, as described above.

**SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated: August 28, 2017
Rochester, New York.